UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THEODORE D. AMRINE,

    Petitioner,

    v.                                                                 Case No. 03-cv-878-JPG

DARLENE VELTRI,

    Respondent.

## MEMORANDUM AND ORDER

    This matter comes before the Court on the Court's February 16, 2006, order to show cause why this case should not be dismissed (1) as moot in light of petitioner Theodore Amrine's apparent release from custody and parole and (2) pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court rules because Amrine did not keep the Court apprized of his current address.  Amrine did not respond to the order to show cause.

    The Court notes that the record reflects that as of March 2004, Amrine's full term was to expire on November 1, 2005.  *See* Respondent's Return at 6 & Ex. A at 2.  Information obtained through the Bureau of Prison website indicating that Amrine was release from prison in July 2005 is consistent with this information, and Amrine has not presented any evidence otherwise.  Based on this information, the Court finds that Amrine is no longer in custody or on parole and no longer suffers a concrete and continuing collateral consequence of the decision of which he complains – the forfeiture of his street time when his parole was revoked.  Therefore, Amrine's petition for a writ of *habeas corpus* no longer presents a justiciable case or controversy.  *See Spencer v. Kemna*, 523 U.S. 1, 7, 14-18 (1998).  The Court does not have jurisdiction to entertain his petition, **REJECTS** the Report and Recommendation (Doc. 11), and **DISMISSES** Amrine's *habeas* petition for **lack of jurisdiction**.  The Court **DIRECTS** the Clerk of Court to enter

judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  March 9, 2006**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**